# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LEE J. DOWNING, ) | |
| ) | |
| Plaintiff/Counter-Defendant, ) | |
| ) | |
| v. ) | Case No. 3:10-cv-01211 |
| ) | |
| DOLLAR GENERAL CORPORATION, ) | Judge Campbell |
| DOLLAR GENERAL CORPORATION ) | |
| SEVERANCE PLAN FOR VICE PRESIDENTS ) | Magistrate Judge Bryant |
| and BENEFITS ) | |
| ADMINISTRATION COMMITTEE OF ) | |
| DOLLAR GENERAL CORPORATION, ) | |
| ) | |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

## AGREED PROTECTIVE ORDER

On March 1, 2011, this Court entered an Agreed Protective Order establishing a procedure for designation and protection of the confidential nature of certain confidential and proprietary information produced by non-party Tractor Supply Company during the course of discovery in the above captioned action ("Action"). (Docket No. 15). Because the parties will also be producing confidential and proprietary information during the course of discovery in this Action, a need also exists to enter a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure establishing a procedure for designation and protection of the confidential nature of those documents, depositions, and information. For good cause, and upon consideration of the entire record in this Action:

IT IS THEREFORE ORDERED, ADJUDGED and DECREED:

1. That documents, deposition testimony, and things containing: (a) any non-public financial information of Defendants, (b) trade secret and other proprietary information of Defendants, or (c) other non-public, confidential business or corporate information of Defendants may be marked "CONFIDENTIAL" and shall generally be referred to as "Confidential Information." The parties shall exercise good faith in designating material as confidential. Any item not marked "CONFIDENTIAL" need not be treated as Confidential Information under this Order unless the provisions of Paragraphs 2 or 12 are invoked.

2. Documents, deposition testimony, and things produced by the parties containing information in which Plaintiff or any officer or employee of Defendants has a significant personal privacy interest may be designated as "CONFIDENTIAL" by either party. Information in which Plaintiff or any officer or employee of Defendants has a significant personal privacy interest shall include, without limitation, those containing home address, phone number, personal email, social security, bank account and other similar personal information of such person and/or his family. Any such designation by the non-producing party shall be made by written notice to the producing party within ten days of production and shall be subject to the challenge provisions of Paragraph 11.

3. With respect to all documents and things produced by the parties for inspection and copying and which are designated as "CONFIDENTIAL", the documents and things, and the information contained therein, shall be kept confidential, and except as noted in paragraph 7 hereof, shall not be communicated in any manner, either directly or indirectly, to any person or entity other than:

(a) The outside counsel in this Action and their respective associates, clerks, legal assistants, stenographic and support personnel, and other employees of such outside counsel (collectively referred to as "outside counsel");

(b) A party to this Action, any director or officer of a party to this Action, in-house counsel to any such person or party; and the secretarial, paralegal, and clerical staffs of each such person, counsel, or party;

(c) Independent experts and consultants, and the employees of such experts and consultants who are assisting them, who are providing advice in connection with the litigation or trial preparation in this Action, upon the condition that the experts shall agree in writing to be bound by the terms of the Protective Order, as set forth in Exhibit A;

(d) Third party entities and the employees of said third party entities retained by the outside counsel to provide support services in this Action, subject to paragraph 5;

(e) The Court and court employees, court reporters, stenographers, and videographers;

(f) Any mediator appointed by the Court or agreed to by the parties;

(g) The person who is the author or addressee of such document or thing, people copied thereof, or the designated representative of any corporation or other entity with whom such person or people are employed or otherwise affiliated; and

(h) A witness at any deposition or other proceeding in this action, provided that, as to witnesses not otherwise entitled to see Confidential Information under the terms of the other subparts of this Paragraph, the disclosing party has a good faith basis to discuss or reveal the Confidential Information to the witness for the sole purpose of prosecuting, defending, and/or appealing this action;

(i) Such other persons as hereafter may be designated by written agreement of all parties in this Action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure;

(j) Furthermore, the documents and things, and the information contained therein, shall be received and used only for the purposes directly related to this action and not for promotional, competitive, or any business purpose.

4. In the event that the disclosure of documents or information subject to this Order is likely to be disclosed during the course of a deposition, then counsel for the parties shall direct the court reporter to mark such confidential portions of the transcript prominently with the legend "CONFIDENTIAL."

5. That all persons, other than the parties and their counsel, present at the taking of the depositions in which such information is involved, upon notice of the terms of this Protective Order, are prohibited from using or disclosing to any other person not directly interested in this litigation or not authorized under this Protective Order to receive such information except use for the sole purpose of litigating this Action.

6. The information contained in documents and things designated as "CONFIDENTIAL," and deposition testimony and transcripts relating to such documents and things may be disclosed only for the purposes of litigating this Action and for no other purpose except as otherwise required by law. Any person having access to confidential information shall be provided with a copy of this Order and advised that any willful violation thereof may be punished as contempt.

7. Unless counsel for the parties agree otherwise, or until an order of this Court directs otherwise, all CONFIDENTIAL material and all pages of any briefs, memoranda,

affidavits, transcripts, exhibits, and other papers containing notes or summaries of material which has been designated as CONFIDENTIAL pursuant to this Order which are presented to the Court shall be filed under seal.

8. Information identified as "CONFIDENTIAL" in accordance with this Order may be disclosed in testimony at the trial of this Action or ordered into evidence at the trial of this Action and shall become public record, absent a written or oral motion ~~or prior agreement~~ of the parties. The parties shall attempt to resolve, by agreement, all possible issues relating to this paragraph prior to trial.

9. Acceptance by a party of any information, document, or thing identified as "CONFIDENTIAL" hereunder shall not constitute a concession that the information, document, or thing is confidential or a trade secret.

10. Those documents, deposition transcripts or other information identified by the parties as "CONFIDENTIAL" and all copies thereof, shall be retained at the offices of counsel for the receiving party, and at the termination of this Action, unless otherwise ordered by the Court, either (a) shall be returned to counsel for the producing party, or (b) shall be destroyed within 60 calendar days of the conclusion of all proceedings in this Action, including but not limited to any appeals.

11. Each party shall exercise good faith in designating material as confidential. If the receiving party disagrees with the designation of any document as "CONFIDENTIAL," the receiving party shall request in writing the designating party to redesignate such document. The designating party shall then either affirm the designation as "CONFIDENTIAL" or redesignate the document within five (5) business days after receipt of the request to redesignate. If the receiving party moves the Court for removal of the "CONFIDENTIAL" designation, the

designating party has the burden of demonstrating that the document is entitled to "CONFIDENTIAL" status.

12. If through inadvertence, error, or oversight, a party fails to properly designate a document, tangible thing, deposition testimony or information as "CONFIDENTIAL" at the time of production or disclosure, the producing party shall promptly notify the receiving party of such error or oversight as soon as such error or oversight is discovered and shall specify in that notice the particular document(s), tangible thing(s) or information to be reclassified and shall specify the particular designation to be applied. Thereafter, the receiving party shall treat such document(s), tangible thing(s) or information in the same manner as if it had been properly designated or classified originally.

13. By making information and documents designated as Confidential Information available for use in this Action, no party has waived or compromised the confidentiality, protectability, or privilege of the information or documents.

14. Some of the electronically stored information and other documents produced by the parties in this lawsuit may contain attorney-client privileged communications or other information protected as "privileged" under the Federal Rules of Evidence ("Privileged Material") and/or protected attorney work-product material prepared or compiled in anticipation of litigation ("Work-Product Material") (collectively, "Protected Material") not subject to discovery under the Federal Rules of Civil Procedure. The inadvertent disclosure of any document or material that is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall not waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed

document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure.

15. After being notified to return Protected Material, a receiving party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

16. Any Protected Material inadvertently disclosed by a party to the requesting party, pursuant to this Order, shall be and remain the property of the producing party.

17. Any production by a producing party shall redact private information in the same manner applicable to court filings pursuant to Rule 5.2(a) of the Federal Rules of Civil Procedure.

18. The terms of this Protective Order shall survive the termination of this litigation, and the Court shall retain jurisdiction of this action after its final disposition for the purpose of enforcing this Protective Order.

19. This proposed Order shall be in effect upon execution by counsel for Plaintiff and Defendants. The parties agree to-be bound by the terms of this proposed Order pending its adoption or supplementation by the Court.

IT IS SO ORDERED this 19th day of July 2011.

_____
MAGISTRATE JUDGE BRYANT

APPROVED FOR ENTRY:

s/ Robert J. Mendes
Robert J. Mendes
**MGLAW, PLLC**
2525 West End Avenue
Suite 1475
Nashville, TN 37203
(615) 846-9020
rjm@mglaw.net

*Counsel for Plaintiff*

s/ James N. Bowen
Steven A. Riley (BPR #6258)
James N. Bowen (BPR #24082)
**RILEY WARNOCK & JACOBSON, PLC**
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
sriley@rwjplc.com
jimbowen@rwjplc.com

*Counsel for Defendants*

# EXHIBIT A

1. I, _____, have read the foregoing Protective Order entered in an action entitled *Downing v. Dollar General Corp., et al.*, Case No. 3:10-cv-01211, United States District Court for the Middle District of Tennessee, ("Action"), and agree to be bound by its terms with respect to any documents, tangible things, information or materials that are furnished to me as set forth in the Protective Order.

2. I will not directly or indirectly disclose to anyone who is not otherwise permitted to receive them under this Protective Order any documents, tangible things, information or materials designated "CONFIDENTIAL."

3. I hereby agree that any documents, tangible things, information or materials furnished to me will be used by me only for the purposes of this Action and for no other purpose, and will be returned to the person who furnished such documents, tangible things, information or materials to me or destroyed.

_____
Signature                                      Date