UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEE J. DOWNING,                    )
                                   )
       Plaintiff,                  )
                                   )
              v.                   )   NO.  3:10-1211
                                   )   Judge Campbell/Bryant
DOLLAR GENERAL CORPORATION,        )
et al.,                            )
                                   )
       Defendants.                 )

## MEMORANDUM AND ORDER

Plaintiff Downing has filed his motion to compel (Docket Entry No. 26) to which the defendants have responded in opposition (Docket Entry No. 28).  Plaintiff has filed a reply (Docket Entry No. 31).

For the reasons stated below, the undersigned Magistrate Judge **GRANTS** plaintiff's motion in part and **DENIES** it in part.

## Statement of the Case

Plaintiff Lee Downing has filed this action alleging that defendants have breached their contract to pay him certain severance and equity benefits agreed by the parties upon the termination of plaintiff's employment as an officer of defendant Dollar General Corporation.

Defendants assert that plaintiff Downing made certain false representations of material fact in order to obtain a more favorable severance package than he would have been entitled to were the true facts known.  Specifically, defendants claim that, in response to a direct question, plaintiff Downing affirmatively

represented that he had not interviewed for nor explored employment with other employers and had not been offered nor accepted a job by another employer.  Defendants assert that, in fact, plaintiff Downing had been offered employment by another employer at the time of such representations, and, therefore, that the favorable terms of plaintiff's severance package were induced by fraud and are, for that reason, unenforceable.

## Analysis

Plaintiff Downing has filed his motion to compel further responses to five interrogatories and two requests for production of documents (Docket Entry No. 26-1).

Rule 26 of the Federal Rules of Civil Procedure provides generally that a party may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  The scope of permissible discovery exceeds the limits of evidence admissible at trial.  Specifically, Rule 26(b)(1) provides that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 10 from plaintiff's first set of written discovery seeks the identity of all employees at the director, senior director, vice president or officer level who, since July 2007, were terminated with or without cause for any of four listed reasons.  These reasons are:

2

1. looking for another job while still employed at Dollar General;

2. lying during the course of severance/termination negotiations;

3. lying to Dollar General about anything else; or

4. any other form of "dishonesty," as defined by Dollar General's internal plans, policies or agreements.

Request for Production No. 7 of plaintiff's first set of written discovery seeks documentation regarding the severance of employment and any severance or equity benefits paid to any employees identified in response to Interrogatory No. 10 above.

Defendants in their response state that since July 2007, no employees at plaintiff Downing's level or higher were terminated with or without cause either (1) for looking for another job while still employed at Dollar General or (2) for lying during the course of severance negotiations. Defendants have objected to identifying any other employees of the specified supervisory level who have been terminated for (3) lying to Dollar General about anything else or (4) any other form of dishonesty as defined by Dollar General as overbroad and not reasonably calculated to lead to the discovery of admissible evidence. In their motion papers, defendants argue that information about terminations in these two subcategories are so dissimilar to the circumstances of plaintiff's termination as to make them not relevant in this case. Specifically, defendants

3

argue that a hypothetical employee who may have been terminated for, for example, manipulating expense reports would have no reasonable relevance to plaintiff's situation. In addition, defendants maintain that any severance or equity benefits paid by Dollar General at termination are determined by a number of variables, including tenure of employment, terms of applicable employment agreements, terms of applicable benefit plans, price at which certain stock options and other benefits were granted, exercised and/or sold, and the basis for termination. Therefore, the nature or amount of severance or equity benefits paid to another employee upon termination would have little or no relevance to benefits paid to plaintiff Downing.

The undersigned Magistrate Judge finds that the identity of all employees at the specified supervisory levels who have been terminated since July 2007 for (1) looking for another job while still employed at Dollar General or (2) lying during the course of severance or termination negotiations would be relevant or at least reasonably calculated to lead to the discovery of admissible evidence. Therefore, with respect to these two subcategories, plaintiff's motion to compel is **GRANTED**. If there are employees responsive to these two subcategories, defendants shall identify them and provide requested documentation.

However, the undersigned Magistrate Judge finds that the subcategories of employees who may have been terminated for "lying

4

to Dollar General about anything else" or "any other form of dishonesty as defined by Dollar General" are so materially dissimilar to plaintiff Downing as to make this requested discovery excessively broad and not reasonably calculated to lead to discovery of evidence that would be admissible in this case. Therefore, with respect to these two subcategories, plaintiff's motion to compel is **DENIED**.

Plaintiff also seeks an order compelling defendants to serve supplemental responses to four interrogatories in plaintiff's second set of written discovery and one request for production related to those interrogatories. These interrogatories seek identities of employees in three categories:

1. employees at the specified supervisory level who, since July 2007, are known by Dollar General to have looked for or entertained other job opportunities while employed at Dollar General (Interrogatory No. 1);

2. employees, who since July 2007, were terminated "with cause" because they were looking for or entertaining other job opportunities while employed at Dollar General (Interrogatory No. 2);

3. employees, who since July 2007, were terminated for "dishonesty" as defined by Dollar General (Interrogatory No. 4). For these employees plaintiff seeks the nature of their dishonesty

and information about severance or equity benefits paid to them at departure.

In addition, Interrogatory No. 3 asks whether employees are expected to inform Dollar General if they are looking for or considering other job opportunities, and, if so, whether that expectation is stated in any company policy, plan or agreement. Finally, Request for Production No. 2 seeks documentation regarding the termination and severance benefits of any employees identified in response to the foregoing three interrogatories, and documents containing the requirement that Dollar General employees inform the company when they are looking for or considering other job opportunities.

In their response in opposition, defendants object to these discovery requests as being overly broad, irrelevant, and not seeking information that is reasonably calculated to lead to the discovery of admissible evidence. Specifically, defendants state that information regarding employees who look for or entertain other job opportunities while employed by Dollar General are not within the company's possession or control. Moreover, this information is irrelevant because Dollar General does not claim that plaintiff Downing was prohibited from looking for another job while employed at Dollar General, or that he was fired simply because he did. Instead, Dollar General claims that it terminated plaintiff Downing "for cause" because, in an effort to induce

6

Dollar General to pay plaintiff additional termination benefits, Downing intentionally failed to disclose, when asked directly, that he had an existing job offer from another employer (Docket Entry No. 28 at 5). By way of a limited response, defendant Dollar General states in its motion papers that it does not know of another employee other than plaintiff who failed to disclose the existence of another job offer in order to induce Dollar General to pay greater termination benefits.

Following a review of the motion papers of the parties, the undersigned Magistrate Judge finds that requiring defendants to identify any employee of the specified supervisory level who, since July 2007, was known by Dollar General to be looking for or entertaining other job opportunities while employed at Dollar General is excessively broad and not reasonably calculated to lead to the discovery of admissible evidence in this case. Therefore, plaintiff's motion to compel with respect to Interrogatory No. 1 of plaintiff's second set of written discovery is **DENIED**.

The Court finds, however, that the identity of any employees of the specified supervisory level who, since July 2007, were terminated "with cause" because they were looking for or entertaining other job opportunities while employed at Dollar General may well lead to the discovery of admissible evidence in this case. Therefore, with respect to Interrogatory No. 2 of this set, plaintiff's motion to compel is **GRANTED**.

7

The Court further finds that documentation of any expectation by Dollar General that its employees are to inform the company when and if they are looking for other job opportunities may well be relevant in this case. Therefore, plaintiff's motion to compel a response to Interrogatory No. 3 is **GRANTED**, and defendants shall produce any documentation in which such expectation is expressed or made known to employees.

Finally, Interrogatory No. 4 appears to the Court to be essentially identical to subcategory (4) of Interrogatory No. 10 above. Therefore, for the reasons stated above in this memorandum, plaintiff's motion to compel with respect to Interrogatory No. 4 of the second set of discovery is **DENIED**.

Defendants shall also produce documents responsive to Request for Production No. 2 with respect to any employee identified in response to Interrogatory No. 2 or company policies, plans or agreements identified in response to Interrogatory No. 3 above.

Any supplemental response required by this order shall be served on or before **May 17, 2012**.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge

8