UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

LEE J. DOWNING,                    )
                                   )
    Plaintiff,                     )
                                   )
        v.                         )   NO. 3:10-1211
                                   )   Judge Campbell/Bryant
DOLLAR GENERAL CORPORATION,        )
et al.,                            )
                                   )
    Defendants.                    )

## MEMORANDUM AND ORDER

Defendants have filed their motion for leave to depose relevant Tractor Supply Company officials (Docket Entry No. 53). By this motion, defendants seek relief from the protective order previously entered (Docket Entry No. 49), and leave to depose the Chief Executive Officer and four directors of nonparty Tractor Supply Company. Tractor Supply Company ("Tractor Supply") has filed its response in opposition (Docket Entry No. 57), and defendants have filed a reply (Docket Entry No. 60). Thereafter, plaintiff Downing sought and obtained leave to file a surreply in opposition to defendants' motion (Docket Entry No. 61-1) and defendants filed a response in opposition (Docket Entry No. 63). Finally, plaintiff Downing filed another surreply (Docket Entry No. 67).

For the reasons stated below, defendants' motion for leave to take these depositions is GRANTED.

## Statement of the Case

Plaintiff Downing has filed this action alleging that

defendants breached the severance agreement that he negotiated with them upon the termination of his employment as Vice President and Division Manager of Operations for defendant Dollar General Corporation in October 2010.  Plaintiff asserts causes of action for breach of contract and an unlawful denial of benefits entitlement under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq..

Defendants have denied liability and assert that plaintiff Downing procured the severance benefits he seeks by material fraudulent misrepresentations during the negotiation of his severance agreement.  Specifically, defendants assert that plaintiff Downing negotiated an agreement by defendants to pay severance benefits to which plaintiff was not otherwise entitled by falsely representing that he had not received an offer of other employment, and by misrepresenting plaintiff's true reasons for leaving his employment with defendant Dollar General Corporation. Defendants have also lodged a counterclaim by which they seek to recover damages allegedly resulting from plaintiff's false representations of material fact.

## Analysis

Defendants by their present motion seek leave to depose the Chief Executive Officer and four directors of Tractor Supply, plaintiff's current employer.  As grounds, defendants assert that discovery has established that plaintiff Downing interviewed each

of these Tractor Supply officials at or near the time he was negotiating the terms and conditions of his severance agreement with defendant Dollar General Corporation. Defendants urge that these witnesses' testimony regarding statements made by plaintiff Downing regarding his reasons for leaving his employment with defendant Dollar General are relevant to the issue of whether plaintiff Downing was truthful about these reasons and other matters in his statements to Dollar General representatives during the negotiation of plaintiff's severance agreement.

The undersigned Magistrate Judge previously granted a protective order (Docket Entry No. 49) requiring that the deposition of Tractor Supply's Chief Executive Officer and one of its directors be taken, if at all, only after defendants had deposed plaintiff Downing. As a rationale for this ruling, the undersigned found that plaintiff Downing's deposition testimony, when obtained, might eliminate the need for depositions of third party witnesses, including those at issue here.

Defendants have now deposed plaintiff Downing, and they have filed this motion seeking leave to depose Tractor Supply's Chief Executive Officer and four of its directors, all of whom allegedly interviewed plaintiff Downing for employment at Tractor Supply shortly before his job at defendant Dollar General Corporation was terminated.

Nonparty Tractor Supply has filed its opposition to defendants' motion (Docket Entry No. 57). Tractor Supply asserts that it has voluntarily cooperated in discovery by producing "every piece of paper relevant to Downing's hiring." (Id. at 2). In addition, Tractor Supply has previously made available for depositions its Chief Operations Officer, who was responsible for the decision to hire plaintiff, and its Chief People Officer, who had managed the hiring process. Tractor Supply argues that its document production and the depositions of these two officers have effectively provided all relevant evidence known to Tractor Supply regarding the circumstances of plaintiff Downing's hiring, and that, as a nonparty, it should not be burdened further with the depositions of its Chief Executive Officer and four independent directors. Finally, Tractor Supply states that it understands that plaintiff Downing has stipulated that he would not present testimony from any of the disputed witnesses, directly or indirectly, in order to persuade defendants not to seek to take their depositions. In summary, Tractor Supply argues that these additional depositions of its Chief Executive Officer and outside directors amount to an unnecessary burden to a nonparty company.

In their reply, defendants argue that Tractor Supply's CEO conducted a private, three-hour interview with plaintiff Downing within days before plaintiff terminated his employment at Dollar General. Similarly, each of the four Tractor Supply

4

directors interviewed plaintiff Downing in person or by telephone within days of his negotiation of the terms and conditions of his severance with representatives of defendant Dollar General Corporation.  Dollar General further states that, contrary to statements by Tractor Supply, it has not agreed with plaintiff Downing on the terms and conditions of a stipulation that would eliminate the need to take the depositions of the five witnesses in question.

As a general rule, Rule 26(b) states that parties may obtain discovery regarding any nonprivileged matter that is relevant to any parties' claim or defense.  This rule further provides that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  From the motion papers filed in this matter, it appears undisputed that the five witnesses in question interviewed plaintiff Downing for a job at Tractor Supply within days before he left his employment with defendant Dollar General Corporation.  From this evidence, the undersigned Magistrate Judge finds that it is reasonable to believe that the subject of plaintiff Downing's reasons for leaving his job at Dollar General likely came up for discussion during these interviews.

The Federal Rules of Civil Procedure also permit a court to limit the extent of discovery if the Court determines that the

discovery sought is unreasonably cumulative or duplicative, or can be obtained from some source that is more convenient, less burdensome or less expensive. Federal Rules of Civil Procedure 26(b)(2)(C). Both Tractor Supply and plaintiff Downing argue that the depositions of the five witnesses at issue will merely be unreasonably duplicative and cumulative to testimony already obtained, and that these depositions, if permitted, would impose an undue burden upon the witnesses and upon Tractor Supply. Beyond this bare-bones conclusory statement, however, Tractor Supply has not offered any reason why these depositions would be more burdensome than any other deposition of a third-party witness in a civil case. The undersigned Magistrate Judge is not persuaded that any burden associated with the taking of these depositions is sufficient to justify an order that this testimony not be taken.

For the foregoing reasons, the undersigned GRANTS defendants' motion to take the depositions of the Chief Executive Officer and the four directors of Tractor Supply. Counsel are directed to confer and, to the extent possible, schedule the taking of these depositions so as to minimize the inconvenience for all involved.

Defendants' motion to ascertain status (Docket Entry No. 65) is DENIED as moot.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge